IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| PETER I. MAILLIS, and NANCY MAILLIS,<br><br>Plaintiffs<br><br>vs.<br><br>GEICO CASUALTY COMPANY,<br><br>Defendant | 2:23-CV-01747-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT<br><br>ECF NO. 21 |

## MEMORANDUM OPINION

### I. Introduction and Relevant Procedural History

Plaintiffs Peter Maillis and Nancy Maillis bring this action against their automobile insurance carrier, Defendant Geico Casualty Company ("GEICO"), for allegedly failing to timely investigate their claim for underinsured motorist benefits. In the operative pleading, the Amended Complaint, Plaintiffs assert three causes of action: breach of contract (Count I), bad faith under 42 Pa. Cons. Stat. § 8371 (Count II), and violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201.1 *et seq.* (Count III). *See* ECF No. 18, ¶¶ 66–104. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Presently pending before the Court is GEICO's partial motion to dismiss Counts II and III of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 21. The motion is fully briefed and ripe for consideration.[1] *See* ECF Nos. 22, 24, 25.

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this action as authorized by 28 U.S.C. § 636.

## II. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion, the court accepts as true all factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[ ] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132

F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Penn.*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, while the Court must view the factual allegations of the complaint as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Expounding on the *Twombly/Iqbal* line of cases, the Court of Appeals for the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. Factual Allegations

On April 19, 2016, a motor vehicle operated by Lisa Abernathy ("Abernathy") violently rear-ended Plaintiffs' 2013 Kia Optima, thereby causing Peter Maillis, the sole occupant of the vehicle, to sustain serious injuries, associated disabilities, and ultimately the loss of his employment. *See* ECF No. 18, ¶¶ 22, 26, (a)–(aa), 40, 41(g). Abernathy acknowledged fault for the accident. At the time of the accident, Abernathy had automobile insurance that provided liability coverage up to a limit of $50,000, *id.* ¶ 64(b), and Plaintiffs were insured under a policy

of automobile insurance issued by GEICO that provided $100,000/$300,000 in underinsured motorist ("UIM") coverage. *Id.* ¶ 14.

By letter dated November 9, 2021, Plaintiffs notified GEICO that they intended to pursue a claim for UIM benefits under the policy. *Id.* ¶ 52. GEICO took no action to investigate or request further information concerning Plaintiffs' UIM claim following this notice, and the parties had no further communications until December 20, 2022, when Plaintiffs sent GEICO a letter requesting its consent to a proposed settlement between Abernathy and Plaintiffs and GEICO's waiver of any right of subrogation against Abernathy. *Id.* ¶¶ 53-54. With GEICO's consent and waiver of subrogation dated December 29, 2022, Abernathy's insurance company settled Plaintiffs' claim against her for payment of $45,000 of the $50,000 limit of her policy's liability coverage. *See id.*, ¶¶ 28, 51, 55, 64(c).

On April 3, 2023, Plaintiffs sent Mr. Maillis's pertinent hospital and other medical records to GEICO. *Id.* ¶ 57. After GEICO advised that it could not access the records, Plaintiffs re-sent them multiple times, including, most recently, in August 2023. *Id.* ¶ 58. Since Plaintiffs' voluntary production of Mr. Maillis's medical records, GEICO has taken no action to address Plaintiffs' UIM claim. It has not extended a settlement offer, requested additional information or documentation, requested that Mr. Maillis submit to an independent medical examination or provide a statement under oath, or otherwise communicated with Plaintiffs regarding their UIM claim. *Id.* ¶¶ 59, 60.

## IV. Analysis

### A. Plaintiffs' Amended Complaint Alleges Sufficient Facts to State a Bad Faith Claim.

In Count II of the Amended Complaint, Plaintiffs claim that GEICO's failure to timely investigate their UIM claim, to communicate with them, and to otherwise respond to the claim

constitutes insurance bad faith in violation of 42 Pa. Cons. Stat. § 8371. GEICO argues that Plaintiffs' allegations "are nothing more than conclusory statements devoid of any specific facts" and that it is not obligated to make a settlement offer. ECF Nos. 10, 22. GEICO further asserts that Plaintiffs presented only a "prospective UIM claim" on November 9, 2021, because their case against Abernathy remained ongoing at that point. ECF No. 22 at 3. GEICO contends that Plaintiffs could not pursue a valid UIM claim until December 20, 2022, when Plaintiffs requested its consent to settle and a waiver of subrogation, and that any alleged delay in responding to Plaintiffs' UIM claim must be measured from that date. ECF No. 25 at 2–3.

Pennsylvania courts apply "a two-part test to bad faith claims brought under § 8371," which "must be supported by clear and convincing evidence: (1) whether the insurer lacked a reasonable basis for denying benefits under the insured's policy, and (2) whether the insurer knew or recklessly disregarded the lack of a reasonable basis." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. Appx. 133, 136 (3d Cir. 2012). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)). Although § 8371 "does not include a definition of 'bad faith,' the term encompasses a wide variety of objectionable conduct." *Condio*, 899 A.2d at 1142. Several actions have been determined to "constitute bad faith, including: (1) a frivolous or unfounded refusal to pay; (2) a failure to investigate into the facts; or (3) a failure to communicate with the insured." *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 140 (E.D. Pa. 2007). "Bad faith is distinct from any underlying breach of contract claim" and it "extends to the handling of UIM claim[s]." *Faith v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-0013, 2021 WL 4078658, at *2 (W.D. Pa. Sept. 8, 2021) (internal

quotation marks omitted) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500 (Pa. Super. 2004)).

Plaintiffs' Amended Complaint alleges facts minimally sufficient to state a plausible bad faith claim under § 8371. Plaintiffs allege that they timely presented their UIM claim for UIM benefits but GEICO essentially ignored the claim and failed to communicate regarding its merits for over a year. They also allege that GEICO took no action to investigate the claim during this period. Bad faith claims are "fact specific" and can concern "a wide variety of objectionable conduct." *Condio*, 899 A.2d at 1142–43. While an insurer's failure to make a settlement offer, standing alone, does not demonstrate bad faith, the absence of a reasonable offer coupled with undue delay and failures to communicate with the claimant and investigate a facially meritorious claim will permit a bad faith claim to proceed beyond the motion to dismiss stage. *See, e.g.*, *Golden v. Brethren Mut. Ins. Co.*, No. 3:18-CV-02425, 2019 WL 5450837, at *3 (M.D. Pa. Oct. 24, 2019); *Dougherty v. Am. States Ins. Co.*, No. 3:20-CV-2166, 2021 WL 2383229, at *4 (M.D. Pa. June 10, 2021); *Shaffer v. State Farm Mut. Aut. Ins. Co.*, No. 1:13-CV-01837, 2013 WL 5638484, at *4 (M.D. Pa. Oct. 15, 2013); *Faith*, 2021 WL 4078658, at *3. Here, the facts alleged support a plausible inference of bad faith such that the claim may proceed to discovery. *See Faith*, 2021 WL 4078658, at *2. *Compare Pierchalski v. Pryor*, No. 2:19-CV-01352-RJC, 2020 WL 5994981, at *5 (W.D. Pa. Oct. 9, 2020) (holding that a statutory bad faith claim was not stated where the plaintiff's complaint did not describe the nature of her injuries, damages, or specific conduct in support of the claim).

To the extent GEICO challenges the sufficiency of Plaintiffs' bad faith claim based on the factual assertion that Plaintiffs did not present their UIM claim until December 20, 2022, when they requested its consent to the settlement with Abernathy, the Court is obliged to accept as true

Plaintiffs' factual allegation that they submitted the claim on November 9, 2021, more than a year earlier. *See Feinberg v. Am. Exp. Co.*, No. CIV.A. 11-5434, 2011 WL 4807916, at *3 (E.D. Pa. Oct. 7, 2011). GEICO also argues that Plaintiffs' submission of their UIM claim on November 9, 2021 was premature based on the pendency of their lawsuit against Abernathy—essentially asserting that exhaustion of Abernathy's liability coverage represented a condition precedent to the presentation of their UIM claim. Although Pennsylvania law on this issue is sparse, the weight of authority permits the submission of a UIM claim while an underlying tort action remains pending, at least where (1) the claimant asserts that his or her injuries or other damages demonstrate the insufficiency of the tortfeasor's liability coverage, and (2) the claimant recognizes his or her obligation to credit the tortfeasor's liability coverage against any UIM recovery. *See Krakower v. Nationwide Mut. Ins. Co.*, 790 A.2d 1039, 1041 (Pa. Super. Ct. 2001) (holding that arbitrators did not err in proceeding with UIM arbitration while plaintiff's tort action against a third-party tortfeasor was pending because full credit was given to the plaintiff's insurance carrier for tortfeasor's liability insurance coverage); *Harper v. Providence Washington Ins. Co.,* 753 A.2d 282, 285 (Pa. Super. Ct. 2000) (holding that an insurer was not prejudiced by the arbitration panel's refusal to postpone UIM arbitration until after plaintiff's third-party tort action concluded as the insurer was given full credit for the third-party's liability policy limits); *Cambridge v. Allstate Fire & Cas. Ins. Co., No. 2:20-CV-01900-MMB, 2020 WL 4043313, at *3* (E.D. Pa. July 17, 2020) (holding that a UIM claim may proceed despite an ongoing liability action against the tortfeasor); *Levy v. United Parcel Serv.*, No. CV 19-23, 2019 WL 10910859, at *2 (E.D. Pa. Jan. 31, 2019) (same). The Amended Complaint alleges that Mr. Maillis sustained serious injuries that resulted in disability and employment loss. *See* ECF No. 18, ¶¶ 17, 41(g). These allegations are sufficient at this stage of the case to support an inference that his injuries "were severe enough that the

tortfeasor lacked adequate automobile insurance coverage to fully compensate plaintiffs for their injuries."[2] *Golden*, 2019 WL 5450837, at *3.

Accordingly, the Court will deny GEICO's motion to dismiss as to Count II of the Amended Complaint.

### B. The Amended Complaint Fails to Allege Facts Sufficient to State a Claim Under the UTPCPL.

Count III alleges that when GEICO marketed and sold Plaintiffs their insurance policy, it misrepresented its intention to comply with the terms therein, in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201.1 *et seq*. GEICO contends that Count III should be dismissed because it is premised on GEICO's handling of Plaintiffs' UIM claim and fails to identify any misrepresentation it made at the time of sale. *See* ECF Nos. 10, 22, 25.

To establish a UTPCPL claim, "a plaintiff must prove: (1) he or she purchased or leased goods or services; (2) the goods or services were primarily for personal, family or household purposes; and (3) the plaintiff suffered an ascertainable loss as a result of the defendant's unlawful, deceptive act." *Wingrove v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:21-CV 00940, 2022 WL 912590, at *7 (W.D. Pa. Mar. 28, 2022) (quoting *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564–65 (E.D. Pa. 2016)); *see also* 73 P.S. § 201–9.2(a). In *Carr v. Travelers Home & Marine Ins. Co.*, the United States District Court for the Eastern District of Pennsylvania explained the distinction between an insurance bad faith claim and a UTPCPL claim against an insurer:

---

[2] The Amended Complaint alleges that Plaintiffs sent Mr. Maillis's pertinent hospital and other medical records to GEICO on April 3, 2023. *See* ECF No. 18, ¶ 57. The record does not disclose what supporting information or documents, if any, Plaintiffs provided to GEICO prior to this date. This issue will have to await further development through discovery.

> The insurance bad faith statute applies to post-contract formation conduct. The UTPCPL, on the other hand, applies to conduct surrounding the insurer's pre-formation conduct. The UTPCPL applies to the sale of an insurance policy. It does not apply to the handling of insurance claims . . . Rather, § 8371 provides the exclusive statutory remedy applicable to claims handling.

No. CV 23-1993, 2023 WL 7167570, at *7 (E.D. Pa. Oct. 31, 2023) (quoting *Kelly*, 159 F. Supp. 3d at 564); *see also Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) ("In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable.").

Viewing the facts in a light most favorable to Plaintiffs, Count III fails to state a claim under the UTPCPL as the allegations of the Amended Complaint relate only to GEICO's handling of their UIM claim, and not to the sale of their insurance policy. *See* ECF No. 18, ¶¶ 93, 96 (arguing that Defendant's conduct over "the last twenty-five months" shows it did not intend to fulfill its contractual obligations). Plaintiffs fail to "identify a single *specific* misrepresentation made by [Defendant]" or one of its employees at the time that it sold them their policy. *McMeekin*, 2023 WL 8652901, at *6. Despite characterizing GEICO's conduct as "misrepresentations," Plaintiffs merely point to the terms of the policy that GEICO allegedly failed to fulfill in support of their UTPCPL claim. This is plainly post-formation conduct concerning which § 8371 provides the exclusive statutory remedy. *See Carr*, 2023 WL 7167570, at *7. Accordingly, the Court will grant GEICO's motion to dismiss with respect to Count III.

The Court further finds that amendment would be futile as to Count III. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss"). Despite having already

availed themselves of the opportunity to amend, Plaintiffs have failed to allege facts to support any misrepresentation to support a viable UTPCPL claim. There is no basis to believe further amendment would result in a different outcome, and they have not affirmatively sought leave to file a second amended complaint or provided a proposed pleading. These factors warrant denial of further leave to amend. *See U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013). Accordingly, the Court dismisses Count III with prejudice.

**C. Conclusion**

For the foregoing reasons, GEICO's partial motion to dismiss is DENIED as to Count II and GRANTED as to Count III. The Court dismisses Count III of Plaintiffs' Amended Complaint with prejudice. A separate order will follow.

Dated this 3rd day of July, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

cc/ecf: Attorneys of record